amended complaint added allegations of express malice, characterizations of the alleged defamatory matter, and allegations of special damages.

The substitution of a new attorney for the plaintiff lends some support to the plaintiff's claim that her former attorney did not question her with sufficient particularity when he drew the original complaint. There is, however, evidence of laches and neglect to prosecute. If the amendment is allowed to stand, the plaintiff should pay the taxable costs to date, including the costs of this appeal. Kerrigan v. Peters, 108 App. Div. 292, 95 N. Y. Supp. 723; Bruns v. Brooklyn Citizen, 98 App. Div. 316, 90 N. Y. Supp. 701; Rosenberg v. Feiering, 124 App. Div. 522, 523, 108 N. Y. Supp. 941.

Order modified, so as to provide for payment by plaintiff of all taxable costs to date, and, as so modified, affirmed, with $10 costs and disbursements to appellant. All concur.

---

(72 Misc. Rep. 356.)

### KAMINER v. WEST SIDE WAREHOUSE CO.

(Supreme Court, Appellate Term.   June 12, 1911.)

DISCOVERY (§ 41*)—UNDER STATUTORY PROVISIONS—GROUNDS.

That the fact sought to be proved by examination of the adverse party before trial may be proved by other witnesses is not a ground for refusing the examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Appeal from City Court of New York, Special Term.

Action by Joseph Kaminer against the West Side Warehouse Company. From an order of the City Court of the City of New York, vacating an order for the examination of the defendant as an adverse party before trial, plaintiff appeals. Reversed, and order of examination reinstated.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles L. Greenhall (Wales F. Severance, of counsel), for appellant.

Joseph Rowan, for respondent.

BIJUR, J. A New York firm shipped plaintiff at St. Louis certain goods, which the plaintiff refused to accept, on the ground that they were not those purchased. The carrier thereupon, in accordance with law, delivered the same to the defendant's warehouse. Thereafter the plaintiff was compelled to pay the New York firm for the goods as a result of litigation, and now seeks to recover the same from the defendant. The order for examination was obtained for the purpose of proving delivery to the defendant, and retention by it.

The learned court below, in vacating the order for examination, states that plaintiff's affidavit indicates the lack of necessity for the examination, but does not say in what respect. The moving affidavit of the defendant, on the motion to vacate the order of examination,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sets forth that, as the plaintiff knows the carrier who delivered to the defendant, the evidence may be elicited from that source. This seems to have been the ground on which the court below decided the motion. That the fact may be proved by other witnesses is, however, no longer a ground for refusing an examination of the adverse party before trial. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 529, 97 N. Y. Supp. 1078.

The order vacating the order of examination must be reversed, with $10 costs and disbursements, and the order of examination reinstated; the date for said examination to be fixed by the lower court. All concur.